**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **JOHN TURNER,** | * |
|   Plaintiff, | * |
|  | *   Case No.: GJH-15-1485 |
| v. | * |
| **B.B.P.D. BOOK PUBLICATIONS,** | * |
|   Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On May 22, 2015, John Turner ("Turner"), an inmate housed at the Ely State Prison in Ely, Nevada filed this *pro se* complaint against B. B. P. D. Book Publications ("Defendant"), a business located in Compton, Maryland. Turner alleges that in October of 2014, he ordered a book and magazine from defendant at a cost of $27.93. *See* ECF No. 1 at 2. He claims that when he did not receive the materials, he cancelled the order. Turner alleges that since February 7, 2015, he has written Defendant, without receiving a response, and has been trying, without success, to recover the $27.93 that was deducted from his prison account. *See id.*

Turner has filed an indigency application. *See* ECF No. 2. Because he appears indigent, his motion for leave to proceed in forma pauperis shall be granted. His complaint, however, will be dismissed for lack of subject matter jurisdiction.

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal

question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id*. (internal citations and quotations omitted).

As Turner's complaint alleges nothing more than a breach of contract, he has failed to set out a colorable claim under 28 U.S.C. § 1331.[1] Since the court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Turner's contract claim is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is

---

[1] Although Turner couches his complaint as one for violations of his civil rights under the First Amendment, no constitutional claim has been stated here. As an initial matter, Defendant is a non-state actor, and therefore, cannot have violated Turner's constitutional rights, at least as alleged in his complaint. Moreover, in the case of lost property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D. Md. 1982). The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Should Turner wish to file a small claim case in Maryland, seeking the return of the $27.93 cost of the book and magazine, he may file such a claim in the District Court for St. Mary's County, Maryland, located at Carter State Office Building, 23110 Leonard Hall Drive, P. O. Box 1509, Leonardtown, Maryland 20650.

undisputed here that the parties are diverse. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995). Turner alleges that defendant failed to reimburse the $27.93 price of the reading material. When considering the sum certain involved in this case, the Court finds that his cause of action does not meet the $75,000.00 amount in controversy to satisfy diversity requirements. The Court will therefore dismiss Turner's complaint. A separate Order shall be entered in accordance with this Memorandum.

Dated: June 4, 2015                                                            /S/
                                                                        George J. Hazel
                                                                        United States District Judge